UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hamid Demmirio, #115800, <br> a/k/a Hamid Wasim Demmirio, <br><br> Plaintiff, <br><br> vs. <br><br> Jon Ozmint, Director of SCDC; Eugene Skipper, Contraband Sgt.; Mr. Simmons, Contraband Officers; Mitchell McCommons, Cpl.; Mr. T. Nettles, Major, <br><br> Defendants. | C/A No. 8:10-2281-CMC-BHH <br><br><br> REPORT AND RECOMMENDATION |

The plaintiff, Hamid Demmirio ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name SCDC employees as defendants.[2] Plaintiff alleges that his constitutional rights have been violated because the defendants have refused to process his prison grievances and someone stole his personal property. Plaintiff seeks money damages and injunctive relief. Plaintiff also filed a Motion for TRO and/or Preliminary Injunction. The complaint should be dismissed

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

for failure to state a claim on which relief may be granted, and the Motion for TRO and/or Preliminary Injunction should be denied.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28

U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

From Plaintiff's exhibits attached to the complaint, the court has gleaned that Plaintiff is upset because someone took his gold wrist watch from his cell, along with

3

certain food and toiletry items, clothes, and headphones.  The disappearance of Plaintiff's personal property allegedly occurred on or about February 24, 2010, when Plaintiff was sent to "lock-up" at Lieber Correctional and prison officials Tripp and White (not named as defendants herein) completed Plaintiff's personal property inventory in order to place Plaintiff's personal property into a duffle bag.  Plaintiff alleges that several of his personal items were not listed on his property sheet (SCDC Form entitled "Inmate Property Inventory") nor were they placed into his duffle bag.  Plaintiff also is upset because the three different copies of his Inmate Property Inventory dated 2-24-10 are not identical, and he attached copies of those reports as exhibits to the complaint.  Plaintiff alleges that he submitted a grievance in March of 2010 concerning his personal property but that he has not received a final answer or determination.  Plaintiff alleges that Vera Jenkins is the inmate grievance coordinator and that she has refused to and/or hindered the processing of his grievances.  Plaintiff alleges that he "spoke with the inmate grievance coordinator on the following dates 4-20-10, 5-6-10, and 6-8-10 regarding my gold wrist watch and grievance, but I never received it nor any responses."  Plaintiff also alleges that he did receive one "inadequate reply as to show deliberate indifference to show such offensive practices."  That is, an exhibit reveals that Plaintiff allegedly received a reply by Captain Cote (who is not a defendant herein) to Plaintiff's "Inmate Request to Staff" dated April 21, 2010, wherein Captain Cote stated, "... None of the things you listed were confiscated.  Maybe your stuff was robbed before 1st shift brought it up."

In his complaint, Plaintiff alleges that he is suing defendants Ozmint, Skipper, and Nettles based upon the following reasons:

> Jon Ozmint is the Director of SCDC and his duties are to promulgate rules and regulation (sic) governing the humane treatment, training, and discipline of inmates. Eugene Skipper is the Sergeant of Contraband. T. Nettles is the Major of all officers, sergeants, captains, and lieutenants and his duties is (sic) to oversee that all procedures are followed in accordance with policies, rules, and procedures.

Plaintiff claims that based upon his alleged facts his constitutional rights under the First and Fourteenth Amendments have been violated. Specifically, he alleges that his right to petition the government for a redress of grievances and his due process rights have been violated.[3] Plaintiff seeks money damages and injunctive relief. In addition to the complaint, Plaintiff filed a Motion for TRO and/or Preliminary Injunction to request that this court direct defendant Vera Jenkins "to immediately process Plaintiff (sic) pending grievances which she have (sic) in her prosession (sic) and under her control, in accordance with South Carolina Department of Corrections Policy GA-01.12 (Inmate Grievance System) and the PLRA (Prison Litigation Reform Act)."

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

---

[3] Plaintiff also mentions that equal protection and cruel and unusual punishment legal theories are applicable.

Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although Plaintiff points to several constitutional legal theories which allegedly apply to his case (right to petition government for redress of grievances, due process, equal protection, and cruel and unusual punishment), the court believes that based upon Plaintiff's alleged facts none of those constitutional rights are applicable. In other words, although Plaintiff tried, he did not plausibly allege that a right secured by the Constitution or laws of the United States was violated. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (discussing that although the plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544 (2007).

Inmates have no constitutionally protected right to a grievance procedure within the prison system under the First Amendment, the Due Process Clause, or any other clause. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("... the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Sweat v. Harell*, C/A No. 9:09-2040-HFF-BM, 2009 WL 3334451, *3 (D.S.C. Oct. 15, 2009) (finding that the First Amendment right to petition the government for a redress of grievances is not a constitutional right to participate in grievance proceedings). Thus, there is no constitutional right to file a grievance, and there is no constitutional right to have a grievance timely determined within the prison system. Moreover, even though the Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust prison grievance procedures before filing suit, the PLRA requires that

6

administrative remedies "as are available" must be exhausted. *See Jones v. Bock*, 549 U.S. 199, 202 (2007); 42 U.S.C. § 1997e. Thus, the PLRA does not require prisons and jails to implement certain administrative exhaustion procedures nor does the PLRA require prison officials to process grievances. The PLRA merely requires prisoners to attempt to exhaust whatever available administrative remedies exist before filing civil rights lawsuits. *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (discussing the meaning of "available" administrative remedies). Accordingly, Plaintiff's claim related to his right to have his grievances processed should be dismissed for failure to state a claim on which relief may be granted.

To the extent Plaintiff attempts to bring a due process claim by alleging that a person acting under color of law intentionally took Plaintiff's personal property or intentionally or negligently allowed another person to take it, there is no constitutional claim. The Constitution's Due Process Clause is not violated by the intentional unauthorized taking of a person's property by a state employee if a meaningful postdeprivation remedy for the loss is available. *See Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff and noting that a due process violation occurs not when the property is taken but when a State fails to provide due process); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful postdeprivation remedy for the loss of animals). Plaintiff must utilize his remedies under

South Carolina law to obtain damages or the return of his personal property.[4] *See Mora*, 519 F.3d at 231 (the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the State process was constitutionally inadequate); *Hudson v. Palmer*, 468 U.S. 517, 530-536 (1984) (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable postdeprivation remedy). *See also Samuel v. Ozmint*, C/A No. 3:07-178-PMD-JRM, 2008 WL 512736 at *7 (D.S.C. Feb. 25, 2008) (noting that claims related to taking of personal property are cognizable under South Carolina state law); *Greene v. Stonebreaker*, C/A No. 9:06-3392-PMD-GCK, 2007 WL 2288123 at *6 (D.S.C. Aug. 6, 2007) (noting that a person in South Carolina appears to have adequate postdeprivation remedies for personal property loss). Therefore, Plaintiff's claim related to his stolen property should be dismissed for failure to state a claim upon which relief may be granted.

As to Plaintiff's Motion for TRO and/or Preliminary Injunction, the Fourth Circuit held that in light of the Supreme Court decision in *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374-76 (2008), "the *Blackwelder* balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit, as the standard articulated in *Winter* governs the issuance of preliminary injunctions not only in the Fourth Circuit but in all federal courts." *See Real Truth About Obama, Inc. v. Federal*

---

[4] Under South Carolina law, a person's claims relating to his lost property may be cognizable under the South Carolina Tort Claims Act. S.C. Code Ann. § 15-78-10 *et seq*. (1976). Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment.

*Election Com'n*, 607 F.3d 355 (4th Cir. 2010) (declaring that "... we now reissue Parts I and II of our earlier opinion in this case, 575 F.3d at 345-347, stating the facts and articulating the standard for the issuance of preliminary injunctions."). Under the *Winter* standard, a plaintiff must demonstrate "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 129 S.Ct. at 374. All four requirements must be met. *Id.* In this case, Plaintiff should not be entitled to a TRO because Plaintiff is not likely to succeed on the merits as discussed above. Accordingly, this court should deny Plaintiff's Motion for TRO and/or Preliminary Injunction.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process <u>and</u> that the Plaintiff's Motion for TRO and/or Preliminary Injunction be denied. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

s/Bruce Howe Hendricks<br>United States Magistrate Judge

September 9, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).